# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Operating Engineers Local #49 Health and
Welfare Fund and Central Pension Fund of
the International Union of Operating
Engineers and Participating Employers,
Local #49 International Union of Operating
Engineers and Associated General
Contractors of Minnesota Apprenticeship
and Training Program and their Trustees,

        Plaintiffs,

v.

Sundblad Construction, Inc., and John
Sundblad, individually,

        Defendants.

Civ. No. 09-3401 (RHK/SRN)

**FINDINGS OF FACT,
CONCLUSIONS OF LAW,
AND ORDER**

This matter came on for hearing before the undersigned on Plaintiffs' Motion for Default Judgment and for an Order compelling Defendants Sundblad Construction, Inc. ("SCI") and John Sundblad to produce outstanding fringe-benefit fund reports to Plaintiffs. A hearing was held on November 18, 2010, at which Michael P. Eldridge of McGrann Shea Carnival Straughn & Lamb, Chartered, appeared on behalf of the Plaintiffs. There was no appearance on behalf of Defendants.

## FINDINGS OF FACT

1. Plaintiffs filed a Summons and Complaint in this matter on August 2, 2010.

2. The Summons and Complaint were personally served upon Defendants on August 5, 2010.

3. Defendants have failed to file or serve any response to the Summons and Complaint.

4. The Clerk of Court entered Defendants' default on August 27, 2010.

5. Plaintiffs are the Trustees and fiduciaries of the Operating Engineers Local #49 Health and Welfare Fund, the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, and the Local #49 International Union of Operating Engineers and Associated General Contractors of Minnesota Apprenticeship and Training Program ("Funds").

6. The Funds are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq. ("ERISA").

7. The Funds are exempt from federal taxation pursuant to the Internal Revenue Code.

8. At all times material herein, SCI was bound to the terms of a Collective Bargaining Agreement between the Associated General Contractors of Minnesota, Highway, Railroad, and Heavy Construction Division, and the International Union of Operating Engineers, Local No. 49 ("Collective Bargaining Agreement").

9. Sundblad executed a Participating Agreement with the Operating Engineers Local #49 Health and Welfare Fund ("Welfare Participating Agreement"), pursuant to which Sundblad agreed to bind himself to the full and faithful performance of the Welfare Participating Agreement.

10. The Welfare Participating Agreement provides that SCI and Sundblad shall

contribute to the Operating Engineers Local #49 Health and Welfare Fund in accordance with the Agreement and Declaration of Trust for the Operating Engineers Local #49 Health and Welfare Fund ("Welfare Trust Agreement"), and that SCI and Sundblad agree to be bound to the terms of the Welfare Trust Agreement.

11. The Collective Bargaining Agreement requires SCI and Sundblad to contribute every month, not later than the 15th day of the following month, contributions to the Funds in an amount set forth in the Collective Bargaining Agreement for each hour worked by their employees covered by the Collective Bargaining Agreement.

12. The Collective Bargaining Agreement and Welfare Trust Agreement require SCI and Sundblad to calculate the contributions due and owing in any given month to the Funds on a report form, which must be submitted with their monthly payment to the Funds.

13. The Collective Bargaining Agreement provides that an employer shall be considered delinquent for a particular month if the required report and payment are not postmarked on or before the 15th day of the following month.

14. The Welfare Trust Agreement requires an employer to submit any contributions due and owing to the Operating Engineers Local #49 Health and Welfare Fund by the 25th day of the following month.

15. SCI and Sundblad breached the terms of the Collective Bargaining Agreement by failing to timely submit the required fringe fund reports and contributions for the months of April 2010 through the present.

16. The Funds reasonably believe that SCI and Sundblad employed individuals

3

during the months of April 2010 through the present for whom contributions may be due and owing, and continue to do so.

17. Without the reports, the Funds have no way of determining the amount due to the Funds on behalf of SCI's employees for the relevant months.

18. The Collective Bargaining Agreement permits the Funds or their authorized agents to examine an employer's payroll and employment records whenever such examination is deemed necessary by the Funds or their authorized agents in connection with the proper administration of the Funds.

19. The Collective Bargaining Agreement and the Welfare Trust Agreement require SCI and Sundblad to promptly furnish to the Funds or their authorized agents, on demand, all necessary employment and payroll records relating to their employees covered by the Collective Bargaining Agreement for examination whenever such examination is deemed necessary by the Funds or their authorized agents.

20. The Funds' authorized agent requested a complete set of SCI's payroll and employment records for the period of January 2006 through November 2009 ("Audit Period").

21. SCI and Sundblad produced SCI's payroll and employment records for the Audit Period, and the Funds' authorized agent reviewed them to determine whether SCI and Sundblad complied with their contribution obligations as set forth in the Collective Bargaining Agreement.

22. In conducting the audit, the Funds' authorized agent determined there were hours worked by SCI employees covered by the Collective Bargaining Agreement for

which contributions were not made to the Funds.

23. The Funds' authorized agent created an audit invoice setting forth these contributions. Pursuant to the audit invoice, $19,070.83 was due and owing the Funds for delinquent contributions for the Audit Period.

24. The Collective Bargaining Agreement states that if an employer becomes delinquent, the employer shall be required to pay as liquidated damages an amount equal to 15 percent of the payment otherwise due.

25. In addition, the Welfare Trust Agreement states that an employer is liable for liquidated damages in an amount between five and 15 percent of any contributions submitted on the twenty-fifth day of the month or after.

26. The Collective Bargaining Agreement states that delinquent employers shall be required to pay all costs of collection actually incurred by the Funds, including all attorneys' fees, service fees, filing fees, court reporter fees, and all other fees, costs, disbursements incurred by or on behalf of the Funds in collecting amounts due.

27. The Welfare Trust Agreement also states that employers are liable for any attorneys' fees or expenses incurred by the Funds in pursuing the collection of delinquent contributions.

28. After the Funds initiated the present action, SCI and Sundblad submitted partial payments to the Funds, and for which they are entitled to a credit.

## CONCLUSIONS OF LAW

29. Defendants are in default, and the Fund is entitled to a default judgment.

30. SCI is liable to the Funds for all remaining delinquent fringe benefit

5

contributions and associated liquidated damages due and owing for the Audit Period of January 2006 through November 2009, after a credit is applied for payments made after the Funds' initiation of the present action.

31. Upon SCI's submission of the fringe fund reports for the months of April 2010 through the present, SCI is liable for all fringe benefit contributions and associated liquidated damages found to be due and owing to all the Funds, while Sundblad is jointly and severally liable for all fringe benefit contributions and associated liquidated damages due and owing to the Operating Engineers Local #49 Health and Welfare Fund, pursuant to the reports.

32. SCI and Sundblad are liable, in an amount to be determined, for the Funds' reasonable attorneys' fees and costs incurred in pursuing the delinquent contributions.

## **ORDER**

Based on the foregoing and all the files, records, and proceedings, herein **IT IS ORDERED** that:

1. Plaintiffs' Motion for Default Judgment (Doc. No. 14) is **GRANTED**;

2. Defendants are **ORDERED** to submit the required fringe fund reports for the months of April 2010 through the present, correctly identifying the hours worked by SCI's employees pursuant to the Collective Bargaining Agreement. Defendants must submit the required reports to Plaintiffs' third-party administrator, Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425, within ten (10) days of being served with a copy of this Order;

3. SCI is liable to Plaintiffs for all delinquent fringe-benefit contributions and

associated liquidated damages pursuant to the Funds' audit for the period of January 2006 through November 2009, minus an amount equal to payments received;

4. SCI is liable to the Funds for delinquent contributions and liquidated damages due and owing for the months of April 2010 through the present pursuant to the Collective Bargaining Agreement. Sundblad is jointly and severally liable to Operating Engineers Local #49 Health and Welfare Fund for the same.

5. Defendants are jointly and severally liable for Plaintiffs' reasonable attorneys' fees and costs incurred in pursuing the delinquent contributions; and

6. After receiving the outstanding fringe fund reports, Plaintiffs may file and serve a Motion for Entry of a Money Judgment in the amount they determine Defendants owe for delinquent contributions and liquidated damages, as well as reasonable attorneys' fees and costs. Defendants may then file and serve a response to Plaintiffs' Motion within ten (10) days of service thereof. The Court will examine the parties' submissions and issue an order for judgment as it deems appropriate. No hearing will be held unless the Court orders otherwise.

Dated: November 18, 2010                s/Richard H. Kyle
                                        RICHARD H. KYLE
                                        United States District Judge